# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA, )
ex rel. GLOBE COMPOSITE SOLUTIONS, LTD., )
)
        *Plaintiffs*, )
)
v. )    CIVIL ACTION NO.
)
SOLAR CONSTRUCTION, INC. f/k/a )
GLOBE RUBBER WORKS, INC., and )
RICHARD C. SOMERVILLE, )
)
        *Defendants*. )
)

05-10004 JLT  SEALED

RECEIPT # 61139
AMOUNT $150
SUMMONS ISSUED YES 2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
JURY TRIAL BY MANDER  Town
DATE 1/3/05

MAGISTRATE JUDGE MBP

**COMPLAINT FOR RELIEF
UNDER THE FALSE CLAIMS ACT**

FILED IN CAMERA PURSUANT TO 31 USC § 3730(b)(2)

Plaintiff, Globe Composite Solutions, Ltd., bringing this qui tam action in the name of the United States Government, complaining of Defendants, Solar Construction, Inc. f/k/a Globe Rubber Works, Inc. and Richard C. Somerville, alleges as follows:

## PARTIES

1.    Plaintiff Globe Composite Solutions, Ltd. ("Globe Composite") is a Texas corporation with a principal place of business at 10440 N. Central Expressway, Suite 1475, Dallas, Texas, 75231. Plaintiff is bringing this civil action for violations of 31 U.S.C. § 3729 for himself and for the United States Government, pursuant to the provisions of 31 U.S.C. § 3730(b)(1).


DOCKETED

2. Defendant Solar Construction, Inc. f/k/a Globe Rubber Works, Inc. ("Globe Rubber") is a Massachusetts corporation with a principal place of business at 254 Beech Street, Rockland, Massachusetts, 02370. Defendant Richard C. Somerville ("Somerville") is the President of Solar Construction, Inc. f/k/a Globe Rubber Works, Inc. and an individual residing at 344 Keene Street, Duxbury, Massachusetts, 02332. Somerville is currently employed at Plaintiff Globe Composite.

## JURISDICTION AND VENUE

3. This action arises under 31 U.S.C. § 3729, et seq., known as the "False Claims Act".

4. Jurisdiction over this action is conferred on this Court by 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.

5. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(c) and 31 U.S.C. § 3732(a) because Defendant Globe Rubber is doing business in this district; because the claims alleged arose in this district; and because the Defendants charged with the violation are located in this district.

## FACTS COMMON TO ALL CLAIMS

6. This action is brought on behalf of the United States to recover all damages, penalties and other remedies established by and pursuant to 31 U.S.C. §§ 3729-3733, and Plaintiff Globe Composite claims entitlement to a portion of any recovery obtained by the United States as qui tam plaintiff authorized by 31 U.S.C. § 3730.

7. In or about August 2004, Kalm-Forsythe Global Innovations, Ltd. purchased substantially all of the assets of Defendant Globe Rubber for approximately $898,000. In addition, Defendant Somerville was paid approximately $1.5 million in cash and $750,000 in several

promissory notes for certain intellectual property, totaling approximately $2.25 million. After purchasing these assets, Kalm-Forsythe Global Innovations, Ltd. changed its name to Globe Composite Solutions, Ltd., which is the Plaintiff in this action. In or about May 2004, Plaintiff Globe Composite applied for security clearance from the United States Government because Defendant Globe Rubber's assets included, *inter alia*, contracts for manufacturing products for the United States Government that were required to conform to government specifications.

8. Defendant Globe Rubber is a contractor supplying goods and services to the United States Government, including, but not limited to, a supplier to the United States Navy. Prior to Plaintiff Globe Composite's acquisition of Defendant Globe Rubber's assets, Defendant Globe Rubber entered into one or more contracts or agreements with contractors who build submarines for the United States Navy. Specifically, Defendant Globe Rubber entered into contracts with General Dynamics Corporation and Newport News Shipbuilding, Inc. to supply synthetic-material submarine parts that would used to build submarines for the United States Navy.

9. Since the end-user of Defendant Globe Rubber's products was the United States Government, Defendant Globe Rubber was required to make its products in conformance with government specifications, which are subject to security clearance.

10. In or about late August 2004, Plaintiff Globe Composite gained interim security clearance and partial access to the government specifications. In or about December 2004, Plaintiff Globe Composite discovered that Defendants Globe Rubber and Richard C. Somerville prepared numerous certifications that its products met government specifications, knowing that the certifications were false, and caused these certifications to be presented to employees of the United States Government.

3

11. Defendant Globe Rubber, by and through its officers, agents, or employees, and Defendant Somerville, caused product certifications to be made, used, presented, or delivered to the United States Government, either directly or indirectly, which certifications were false or fraudulent because they indicated that the products conformed to government specifications when they did not.

12. Defendants Globe Rubber and Somerville did not disclose to Plaintiff Globe Composite the actions described above prior to, during, or after Plaintiff Globe Composite purchased the assets of Defendant Globe Rubber.

## CLAIM I

13. Defendant Globe Rubber, by and through its officers, agents, and employees, knowingly presented or caused to be presented to an officer or employee of the United States Government false or fraudulent product certifications for acceptance and payment.

14. Defendant Globe Rubber, by and through its officers, agents, and employees, knowingly presented or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved.

15. Defendant Globe Rubber conspired to defraud the United States Government by getting a false or fraudulent claim allowed or paid.

16. Defendant Globe Rubber knowingly made, used, or caused to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the United States Government.

17. Defendant Globe Rubber, by and through its officers, agents, and employees, has authorized the actions of its various officers, agents, and employees to take the actions set forth above.

4

18. The United States Government has sustained damages because of the acts of Defendant Globe Rubber as a result of Defendant Globe Rubber's violations of the False Claims Act, 31 U.S.C. § 3729.

19. Plaintiff Globe Composite has sustained damages because of the acts of Defendant Globe Rubber as a result of Defendant Globe Rubber's violations of the False Claims Act, 31 U.S.C. § 3729.

20. The actions described above occurred during the time period in which Defendant Globe Rubber was a contractor with the United States Government pursuant to various contracts, including, but not limited to, the time period during which Plaintiff Globe Composite acquired Defendant Globe Rubber's assets.

## CLAIM II

21. Defendant Somerville knowingly presented or caused to be presented to an officer or employee of the United States Government false or fraudulent product certifications for acceptance and payment.

22. Defendant Somerville knowingly presented or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved.

23. Defendant Somerville conspired to defraud the United States Government by getting a false or fraudulent claim allowed or paid.

24. Defendant Somerville knowingly made, used, or caused to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the United States Government.

25. The United States Government has sustained damages because of the acts of

5

Defendant Somerville as a result of Defendant Somerville's violations of the False Claims Act, 31 U.S.C. § 3729.

26. Plaintiff Globe Composite has sustained damages because of the acts of Defendant Somerville as a result of Defendant Somerville's violations of the False Claims Act, 31 U.S.C. § 3729.

27. The actions described above occurred during the time period in which Defendant Somerville was the President of Defendant Globe Rubber, which contracted with the United States Government pursuant to various contracts, including, but not limited to, the time period during which Plaintiff Globe Composite acquired Defendant Globe Rubber's assets. Defendant Somerville is currently employed at Plaintiff Globe Composite.

WHEREFORE, Plaintiff Globe Composite, on behalf of himself and the United States Government, prays:

(a) That this Court Order Defendant Globe Rubber and Defendant Somerville to cease and desist from violating 31 U.S.C. § 3729;

(b) That Plaintiff Globe Composite be awarded all relief necessary to make it whole, including, but not limited to, damages resulting from purchasing the assets of Defendant Globe Rubber, attorney fees and costs;

(c) That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States Government has sustained because of its actions, plus a civil penalty of $5,000 to $10,000 for each action in violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States Government for its expenses related to this action;

(d)  The Plaintiff Globe Composite be awarded all costs incurred, including reasonable attorney fees;

(e)  That in the event that the United States Government continues to proceed with this action, Plaintiff Globe Composite be awarded an amount for bringing this action in the amount of at least 15 percent and as much as 25 percent of the proceeds of the action or settlement of the claim;

(f)  That in the event that the United States Government does not proceed with this action, Plaintiff Globe Composite be awarded an amount that the Court decides is reasonable for collecting civil penalty and damages, which shall be not less than 25 percent nor more than 30 percent of the proceeds of the action or settlement;

(g)  That a trial jury be held on all issues;

(h)  That the United States Government and Plaintiff Globe Composite receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

Respectfully Submitted,
GLOBE COMPOSITE SOLUTIONS, LTD.,
By its attorneys,

_____
Evan T. Lawson (BBO# 289280)
Kathryn E. Pieczarka (BBO# 658785)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America, ex rel. Globe Composite Solutions, Ltd

### DEFENDANTS
Solar Construction, Inc. f/k/a Globe Rubber Works, Inc. and Richard C. Somerville

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Massachusetts
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Evan T. Lawson and Kathryn E. Pieczarka, Lawson & Weitzen, LLP, 88 Black Falcon Ave, Suite 345, Boston, MA  617-439-4990

Attorneys (If Known)

[stamp: 05-10004 JLT]

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
|  | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| [ ] 196 Franchise |  |  | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / Habeas Corpus: |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 530 General |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty |  |  |  |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other |  |  | [ ] 950 Constitutionality of State Statutes |
|  | / [ ] 550 Civil Rights |  |  |  |
|  | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
31 U.S.C. Section 3729 (False Claims Act)
Brief description of cause:
Plaintiff brings this qui tam action for violations of 31 USC Sec. 3729 on behalf of himself and the US Gov't.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  01/03/2005
SIGNATURE OF ATTORNEY OF RECORD  /s/ [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   _United States of America v. Solar Construction, Inc. F/K/a Globe Rubber Works, Inc._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   _N/A_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                   YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                   YES        (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                   YES         NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                   YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                  (YES)        NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       (EASTERN DIVISION)         CENTRAL DIVISION         WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION           CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Kathryn L. Picciarica, Lawson & Weitzen, LLP_
ADDRESS _88 Black Falcon Ave, Ste 345, Boston MA_
TELEPHONE NO. _617-439-4990_

(Cover sheet local.wpd - 11/27/00)