**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2006 DEC 29  P 3: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) | |
| GLOBE COMPOSITE SOLUTIONS, LTD., ) | |
| ) | Civil Action No. 05-10004 JLT |
| Plaintiff, ) | |
| ) | |
| v.                                ) | **FILED UNDER SEAL** |
| ) | |
| SOLAR CONSTRUCTIONS, INC. f/k/a ) | |
| GLOBE RUBBER WORKS, INC., and ) | |
| RICHARD C. SOMERVILLE,          ) | |
| ) | |
| Defendants.             ) | |
| ) | |

**MEMORANDUM OF THE UNITED STATES IN SUPPORT OF ITS**
**APPLICATION FOR AN EXTENSION OF TIME**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | ) | |
| GLOBE COMPOSITE SOLUTIONS, LTD., | ) | |
| | ) | Civil Action No. 05-10004 JLT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FILED UNDER SEAL** |
| | ) | |
| SOLAR CONSTRUCTIONS, INC. f/k/a | ) | |
| GLOBE RUBBER WORKS, INC., and | ) | |
| RICHARD C. SOMERVILLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF THE UNITED STATES IN SUPPORT OF ITS
## APPLICATION FOR AN EXTENSION OF TIME

The United States submits this memorandum in support of its ex parte application for an

order pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(3), for an extension of the intervention

deadline and the time period during which the complaint and other filings will remain under seal,

so that the United States may further investigate and determine whether to intervene in this action.

The United States has requested an extension of time of three additional months, or until April 2,

2007.

### BACKGROUND

The False Claims Act provides that an individual may file an action on behalf of the United

States under the False Claims Act, 31 U.S.C. § 3730. The complaint is to be filed under seal and

served upon the United States in accordance with Rule 4(d)(4) of the Federal Rules of Civil

Procedure. See 31 U.S.C. § 3730(b)(1). The relator is also to provide the United States with all

material evidence in his or her possession. See 31 U.S.C. § 3730(b)(1).

The United States has sixty (60) days after receipt of the complaint and material evidence within which to investigate the allegations in the complaint and to decide whether to intervene in the action 31 U.S.C. § 3730(b)(2). The complaint and any related filings remain under seal during that time. See 31 U.S.C. § 3730(b)(2). Under 31 U.S.C. § 3730(b)(3), the United States may seek extensions of that period:

> (3) The Government may, for good cause shown, move the court for extensions of time during which the Complaint remains under seal under Paragraph (2). Any such motions may be supported by affidavits or other submissions in camera.[1]

In this case, the complaint alleges that defendants Solar Construction, Inc. f/k/a Globe Rubber Works, Inc. ("Solar Construction"), and Richard C. Somerville, the President of Solar Construction, prepared numerous certifications that its products met government specification, knowing that the certifications were false, and caused these certifications to be presented to employees of the United States Government.

The United States initiated a criminal investigation regarding the allegations in the relator's complaint, and obtained investigative assistance from agents of the Defense Criminal Investigative Service. Due to the pendency of the criminal investigation, the United States deferred investigation of the relator's claims. On June 7, 2005, Richard C. Somerville, the President of Solar Construction, committed suicide at his home. Given this development, and because Solar Construction does not appear to have any assets, the United States is investigating whether there is any basis upon which to pursue this action. Inasmuch as the relator has pending a civil action against Solar Construction and Anne-Roche Somerville, in her individual capacity and as executrix of the estate of Mr.

---

[1]  Because of this provision, this Memorandum is not being served on relator's counsel.

Somerville, see Globe Composite Solutions Ltd. v. Richard C. Somerville, et al., Nos. 05-10323 DPW/MBB, the United States has contacted relator to schedule an interview with the relator during January 2007, regarding this matter.

In addition, the United States has sought guidance from the United States Navy regarding whether certain documents that might be necessary to prosecute this action are classified and whether they could be used if the United States were to intervene. The United States received guidance from the Navy on October 23, 2006, and is reviewing that guidance.

## DISCUSSION

Under 31 U.S.C. § 3730(b)(3), the United States may seek extensions of the seal period "for good cause shown." The Senate Judiciary Committee Report explains that such extensions may be justified so the government can investigate and evaluate the allegations in the complaint in order to decide whether to intervene. See S. Rep. No. 99-345, 99th Cong., 2d Sess. 25 reprinted in 1986 U.S. Code Cong. & Ad. News 2566, 2589-2590 ("Subsection (b)(3) of Section 3730 establishes that the Government may petition the Court for extensions of both the 60-day evaluatory period and the time during which the complaint remains under seal. Extensions will be granted * * * on a showing of 'good cause.'"). The statute therefore permits extensions of time to allow the government to complete its investigation so that it might make an informed decision about whether to intervene in the proceeding.

For the reasons discussed above, the government's investigation is not complete. The United States initially deferred its investigation regarding the relator's claims under the False Claims in deference to the government's criminal investigation concerning the conduct that is alleged in the complaint. In view of Mr. Somerville's suicide, and given that Solar Construction does not appear

-3-

to have any assets, the United States is determining whether there is any basis on which to pursue this investigation, and has contacted the relator for an interview regarding this matter for January 2007. The United States also is reviewing guidance from the United States Navy received on October 23, 2006, regarding what documents may be used if the United States were to intervene and prosecute this action. For these reasons, the government requests additional time within which to investigate and decide whether to intervene, during which time the complaint and other filings will remain under seal. The United States submits that this situation provides good cause for the requested extension of the seal period.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that its application for an extension until April 2, 2007, during which the complaint and other filings will remain under seal and during which the United States may complete its investigation and make its decision whether to intervene in this action, be granted.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

MARK T. QUINLIVAN
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3606

Dated: December 29, 2006

-4-