UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GLOBE COMPOSITE SOLUTIONS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> SOLAR CONSTRUCTIONS, INC. f/k/a GLOBE RUBBER WORKS, INC., and RICHARD C. SOMERVILLE, <br><br> Defendants. | Civil Action No. 05-10004 JLT |

**UNITED STATES' RESPONSE TO JOINT SUBMISSION
OF RELATOR AND DEFENDANTS REGARDING COURT'S AUTHORITY
TO DISMISS ACTION WITH PREJUDICE AS TO THE GOVERNMENT**

The United States hereby responds to the Joint Submission of Relator and Defendants Regarding Court's Authority to Dismiss Action With Prejudice as to the Government ("Joint Submission"). In their Joint Submission, the relator and defendants contend that they have authority not only to voluntarily dismiss the claims of the relator with prejudice -- which the government has assented to -- but also to voluntarily dismiss the claims of the United States with prejudice. Neither the text of the False Claims Act nor the weight of authority support that position.

1. The False Claims Act provides that a qui tam action brought by a relator "may be dismissed **only** if the court **and** the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1) (emphasis added)). Neither the relator not the defendants offer a plausible explanation as to how that language can be read to allow the dismissal of the claims of the United States without the written consent of the Attorney General. The statute nowhere cabins this provision to the 60-day seal period, as the relator and defendants contend, but

rather broadly prohibits voluntary dismissal of a qui tam action absent the written consent of both the court and the Attorney General. Hence, in the absence of consent by the Attorney General, the claims of the United States may not be dismissed with prejudice. See United States ex rel. Williams v. Bell Helicopter Textron, Inc., 417 F.3d 450, 455-56 (5th Cir. 2005) (affirming dismissal of False Claims Act action but modifying judgment to be without prejudice to the claims of the United States); see also United States ex rel. A. Scott Pogue v. Diabetes Treatment Centers of America, Inc., 474 F. Supp.2d 75, 90 (D.D.C. 2007) (dismissing action with prejudice as to the relator and without prejudice as to the United States).

  2. In urging a contrary result, the parties place primary emphasis on the Ninth Circuit's decision in United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 722 (9th Cir. 1994). The Fifth and Sixth Circuits have rejected the Ninth Circuit's approach in Killingsworth, and their reasoning is persuasive. In Searcy v. Philips Electronics North America Corp., 117 F.3d 154 (5th Cir. 1997), the Fifth Circuit held that "[t]he statutory language relied on by the government is as unambiguous as one can expect: 'The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.' Unlike the Killingsworth court, we can find nothing in § 3730 to negate the plain import of this language." Id. at 159 (quoting 31 U.S.C. § 3730(b)(1)).

  Likewise, in United States v. Health Possibilities, Inc., 207 F.3d 335 (6th Cir. 2000), the Sixth Circuit held that the language of the False Claims Act prohibits the voluntary dismissal of a qui tam absent the written consent of the Attorney General:

> We now join the Fifth Circuit in rejecting the Ninth Circuit's analysis, and hold that a relator may not seek voluntary dismissal of any qui tam action without the Attorney General's consent. Section

> 3730(b)(1) unqualifiedly provides that a qui tam action "may be dismissed only if the court and Attorney General give written consent." This language clearly does not limit the consent provision to the sixty-day intervention period. If Congress wanted to limit the consent requirement to the period before the United States makes its initial intervention decision, we presume that it knew the words to do so.
>
>         \*   \*   \*
>
> In our view, the power to veto a privately negotiated settlement of public claims is a critical aspect of the government's ability to protect the public interest in qui tam litigation. The FCA is not designed to serve the parochial interests of relators, but to vindicate civic interests in avoiding fraud against public monies. Without the power to consent to a proposed settlement of an FCA action, the public interest would be largely beholden to the private relator, who-absent "good cause" government intervention-would retain sole authority to broadly bargain away government claims.

Id. at 339-41 (quoting 31 U.S.C. § 3730(b)(1)). These authorities, which are faithful to the statute's plain language, confirm that the claims of the United States may not be dismissed with prejudice absent its consent.

      3.    Finally, we wish to emphasize that this is not a case in which the United States is preventing this Court from managing its own docket. The United States has formally consented to the dismissal of the claims of this action with prejudice as to the relator, Globe Composite Solutions, Ltd., and without prejudice as to the United States. Thus, if the United States were to pursue an action arising out of the claims alleged in the complaint, it would have to institute a new civil action subject to any applicable statute of limitations. See United States ex rel. Williams, 417 F.3d at 456 ("Finally, while we acknowledge that our ruling would in fact give the government further opportunity to look into the allegations of the relator, that opportunity is constrained by the statute of limitation provisions of the FCA.").

## CONCLUSION

For the foregoing reasons, the Court should dismiss this action with prejudice as to the relator and without prejudice as to the United States.

>
> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:  /s/ Mark T. Quinlivan
> MARK T. QUINLIVAN
> Assistant U.S. Attorney
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA 02210
> (617) 748-3606

Dated: December 3, 2007

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing pleading was served on this date, December 3, 2007, upon co-counsel for the relator, Claire B. Burhoe, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210, and upon counsel for the defendants, Mark S. Furman, Tarlow, Breed, Hart & Rodgers, P.C., 101 Huntington Avenue, Prudential Center, Boston, MA 02199

>  /s/ Mark T. Quinlivan
> MARK T. QUINLIVAN