UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | * | |
| GLOBE COMPOSITE SOLUTIONS, LTD., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 05-10004-JLT |
| SOLAR CONSTRUCTION, INC. f/k/a. | * | |
| GLOBE RUBBER WORKS, INC., and | * | |
| RICHARD C. SOMERVILLE, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

December 19, 2007

TAURO, J.

Plaintiff-Relator Globe Composite Solutions, LTD. brings an action under the False

Claims Act against Defendants Solar Construction, Inc. and Richard C. Somerville alleging fraud

in connection with certain contracts with the United States Government.  Presently at issue is

Plaintiff-Relator's Motion to Dismiss of Globe Composite Solutions, LTD. [#16], which seeks to

dismiss, with prejudice, (1) Plaintiff-Relator's claims against Defendants, and (2) the

Government's potential claims against Defendants.  After considering the submissions of the

Parties, Plaintiff-Relator's Motion is ALLOWED as to Plaintiff-Relator's claims ONLY.

**Background**

During a Status Conference held on October 31, 2007, the Government consented to

dismissal of the case with prejudice as to the Plaintiff-Relator and *without* prejudice as to the

United States.  Subsequently, on November 7, 2007, the Government filed this consent in

1

writing.[1]

The Plaintiff-Relator and Defendants, however, seek the dismissal of the claims of the United States with prejudice.[2]  Plaintiff-Relator and Defendants assert that a dismissal with prejudice is necessary to effectuate the settlement in the related case pending before another judge of this Court.[3]  The Government, however, states that such a dismissal is not permitted without the consent of the Attorney General.[4]  Plaintiff-Relator and Defendants disagree, and argue that the court has the authority to dismiss the action with prejudice as to the claims of the United States.[5]

**Discussion**

Section 3730(b)(1) of the False Claims Act expressly requires the Government's consent for dismissing a qui tam action brought by a private person: "The action may be dismissed *only* if the court *and* the Attorney General give written consent to the dismissal and their reasons for consenting."[6]

The statute is clear on its face.  The court and the Government must give their written

---

[1] See United States' Notice of Consent to Dismissal With Prejudice as to the Relator and Without Prejudice as to the United States [#19].

[2] See Motion to Dismiss of Globe Composite Solutions, LTD. [#16].

[3] See, e.g., id. at 2.

[4] See United States' Response to Joint Submission of Relator and Defendants Regarding Court's Authority to Dismiss Action With Prejudice as to the Government [#22].

[5] See Joint Submission of Relator and Defendants Regarding Court's Authority to Dismiss Action With Prejudice as to the Government [#20].

[6] 31 U.S.C. § 3730(b)(1) (emphasis added).

consent, or the action may not be dismissed.  In addition, the statute does not limit the consent

requirement to any particular period of time, e.g., the sixty-day seal period.[7]

     Plaintiff-Relator and Defendants, however, cite a Ninth Circuit case in support of their

position.  In Killingsworth, the Ninth Circuit held that the consent provision in § 3730(b)(1) is

limited to the sixty-day seal period and any extensions of the seal period.[8]  The court based its

conclusion on reading Section 3730(b) "as a whole."[9]

     The Fifth and Sixth Circuits, however, reject the reasoning in Killingsworth,[10] and adopt

a literal reading of Section 3730(b)(1).  In Searcy, the Fifth Circuit stated, "The government asks

us to sanction an absolute veto power over voluntary settlements in qui tam False Claims Act

suits.  The statutory language appears to grant just that . . . ."[11]  Additionally, "The statutory

---

[7] In a qui tam action by a private person, "the complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."  31 U.S.C. § 3730(b)(2).  "The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information."  Id.  The Government may, however, "for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2).  Any such motions may be supported by affidavits or other submissions in camera."  Id. at § 3730(b)(3).  "Before the expiration of the 60-day period or any extensions obtained . . ., the Government shall— (A) proceed with the action, in which case the action shall be conducted by the Government; or (B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action."  Id. at § 3730(b)(4).

[8] See United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 722 (9th Cir. 1994).

[9] Id. ("Section 3730(b) must be read as a whole.").

[10] United States v. Health Possibilities, P.S.C., 207 F.3d 335, 339 (6th Cir. 2000) ("We now join the Fifth Circuit in rejecting the Ninth Circuit's analysis . . . ."); Searcy v. Phillips Electronics North America Corp., 117 F.3d 154, 159 (5th Cir. 1997) (rejecting the reasoning in Killingsworth as "unpersuasive").

[11] Searcy, 117 F.3d at 158.

3

language relied on by the government is as unambiguous as one can expect . . . .[,]" and,

"[u]nlike the <u>Killingsworth</u> court, we can find nothing in § 3730 to negate the plain import of this

language."[12]  The court concluded,

> For more than 130 years, Congress has instructed courts to let the government stand
> on the sidelines and veto a voluntary settlement.  It would take a serious conflict
> within the structure of the False Claims Act or a profound gap in the reasonableness
> of the provision for us to be able to justify ignoring this language.  We can find
> neither.[13]

In <u>Health Possibilities</u>, the Sixth Circuit held the same:

> We now join the Fifth Circuit in rejecting the Ninth Circuit's analysis, and hold that
> a relator may not seek voluntary dismissal of any qui tam action without the Attorney
> General's consent.  Section 3730(b)(1) unqualifiedly provides that a qui tam action
> "may be dismissed only if the court and Attorney General give written consent."
> This language clearly does not limit the consent provision to the sixty-day
> intervention period.  If Congress wanted to limit the consent requirement to the
> period before the United States makes its initial intervention decision, we presume
> that it knew the words to do so . . . .[14]

After reviewing the statute, legislative history and policy considerations, the Sixth Circuit

concluded, "In sum, we find nothing . . . that suggests that we should ignore the undeniably clear

and plain language of § 3730(b)(1)."[15]

This court concurs with the Fifth and Sixth Circuits, and takes the position that the statute

clearly does not limit the consent requirement to the sixty-day seal period.  Accordingly, the

Government must consent to all dismissals in a qui tam action brought by a private person, even

---

[12] <u>Id.</u> at 159.

[13] <u>Id.</u> at 160.

[14] <u>Health Possibilities</u>, 207 F.3d at 339.

[15] <u>Id.</u> at 344.

4

voluntary dismissals by the plaintiff-relator.  Here, therefore, the court does not have the authority to dismiss the action with prejudice as to the claims of the United States because the Government has not consented to such a dismissal.

Additionally, for the following policy reasons,[16] this court only consents to dismissal of this case without prejudice as to the United States.   Even if this court, therefore, had the authority to dismiss the claims of the Government with prejudice, it would decline to do so. Preventing the Government from ever pursuing these claims, i.e., permitting the dismissal *with* prejudice, offends notions of sound public policy.[17]   A settlement between the private parties in a qui tam action should not prevent the Government from ever pursuing a case against an entity accused of defrauding the Government.  First, the Government and the public are not represented during settlement negotiations, and a settlement between the private parties provides the Government and the public with limited relief, if any.  Second, pursuing claims under the False Claims Act is an important way for the Government to investigate and prosecute fraud against the United States, and this should not be impeded by a private settlement agreement.

**Conclusion**

For the reasons mentioned above, the Electronic Order of October 16, 2007, ALLOWING WITHOUT OPPOSITION Plaintiff-Relator's <u>Motion to Dismiss of Globe Composite Solutions,</u>

---

[16] The Fifth and Sixth Circuit also addressed policy considerations in the two cited cases. <u>See</u> <u>id.</u> at 340-342; <u>Searcy</u>, 117 F.3d at 160.

[17] Of course, this court notes that the Government's ability to bring a False Claims Act case is restrained by the statute of limitation provisions of the Act.  <u>See</u> 31 U.S.C. § 3731(b) ("A civil action . . . may not be brought . . . more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official in the United States charged with responsibility to act in the circumstances. . . .").

LTD. [#16] is MODIFIED as follows:

•     With the consent of the United States,[18] Plaintiff-Relator's <u>Motion to Dismiss of Globe</u>

    <u>Composite Solutions, LTD</u> [#16] is ALLOWED as to Plaintiff-Relator's claims ONLY.

    Accordingly, Plaintiff-Relator's claims are DISMISSED *WITH* PREJUDICE.

•     With the consent of the United States,[19] the claims of the United States are DISMISSED

    *WITHOUT* PREJUDICE.

An Order has issued.[20]

                                        <u>  /s/ Joseph L. Tauro   </u>
                                        United States District Judge

---

[18] <u>See</u> United States' Notice of Consent to Dismissal With Prejudice as to the Relator and Without Prejudice as to the United States.

[19] <u>See</u> <u>id.</u>

[20] Order [#23].